J-A10022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PENNSYLVANIA TRUST COMPANY, CAROL LADEN KAUFMAN AND STEPHEN JOHN KAUFMAN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MICHAEL JOHN LEIDEN | |
| Appellant | No. 2079 EDA 2016 |

Appeal from the Order Dated June 3, 2016
In the Court of Common Pleas of Montgomery County
Orphans' Court at No(s): 2016-0347

BEFORE: DUBOW, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SOLANO, J.:                    **FILED AUGUST 18, 2017**

Appellant Michael John Leiden appeals *pro se* from the order of June 3, 2016, dismissing his exceptions to the decree dated April 19, 2016, that declared the interests of beneficiaries under a trust established by Helen T. Kaufman ("Settlor").  We affirm.

On August 13, 1981, Settlor created a revocable trust.  On May 28, 2009, she executed a "Complete Amendment and Restatement of Revocable Deed of Trust" ("the 2009 Deed") that revoked all articles of the 1981 trust document and substituted new provisions.  The 2009 Deed named Settlor's three children, Carol Laden Kaufman ("Carol"),[1] Stephen John Kaufman ("Stephen"), and Susan Carpenter (collectively, "the Children") as

---

[1] At some places in the record, this party is identified as "Carol K. Laden." The trial court referred to her as "Carol Layden."

beneficiaries of the Trust upon Settlor's death.  Item III of the 2009 Deed stated:

> [M]y trustee shall pay a fraction of $1,000,000 to each of my children who survives me, the numerator of which shall be the number of children (who survive me) of such child, and the denominator of which shall be the total number of my grandchildren who survive me; provided that if a child of mine does not survive me, but leaves descendants who survive me, such descendants shall receive, per stirpes, the share such child would have received had he or she survived me; and provided further that any amounts passing to my daughter Carol under this article shall be paid to the trustees of the Trust for Carol hereunder to be held in accordance with the terms therein (this shall not apply to any amounts passing to Carol's descendants if she does not survive me).

2009 Deed at 2-3 (parentheticals in original).  Item V of the 2009 Deed established the "Trust for Carol" that is referenced in Item III.  ***See id.*** at 3-4.  Item XX named the Pennsylvania Trust Company, Carol, and Stephen (collectively, "Trustees") as her trustees.  ***Id.*** at 7.  When Settlor died, all three of Settlor's Children survived her.

Appellant is Carol's son.  He contends that through Item III of the 2009 Deed, Settlor intended to provide for Appellant and Settlor's other grandchildren by requiring Settlor's Children (the direct beneficiaries under Item III) to hold their gifts under Item III for the benefit of their own children.  In light of this claim, on January 29, 2016, the Trustees filed a petition for declaratory judgment that asked the orphans' court to determine whether Settlor had gifted the $1,000,000 to the Children, as maintained by the Trustees, or whether the Children were to retain their respective shares

- 2 -

in further trust for the benefit of the Children's respective children – that is, Settlor's grandchildren.

On February 1, 2016, the orphans' court entered a preliminary decree setting a date of March 1, 2016, to show cause "why a judgment should not be entered by the [orphans' c]ourt declaring that [Settlor's] grandchildren have no beneficial interest in the Trust." Prelim. Decree, 2/1/16; **see also** Trial Ct. Op., 10/7/16, at 1. On February 17, 2016, Appellant filed "objections" that sought a contrary interpretation of the 2009 Deed and a ruling that "[a]ny trustee who is also a beneficiary must not or may not exercise discretion over the trust in relation to other beneficiaries, heirs or assigns." Objections at 6. On February 29, 2016, Trustees filed preliminary objections to Appellant's "objections," asserting various procedural grounds for the "objections" to be stricken or dismissed.

The orphans' court held a hearing on April 19, 2016, at which it heard argument but did not receive evidence. At the conclusion of the hearing, Appellant claimed that the Trustees lacked standing "to pursue a particular theory of beneficiary." N.T., 4/19/16, at 26. After the hearing, by an order of the same date, the orphans' court sustained the Trustees' preliminary objections and dismissed Appellant's "objections." By a separate order, also dated April 19, 2016, the orphans' court granted Trustees' petition for a declaratory judgment and declared:

> Helen T. Kaufman's grandchildren have no beneficial interest in the . . . Trust, but rather the $1 million gift under Item III of the . . . Trust vested in, and shall be paid as follows: 1/7 to Susan

Carpenter, 2/7 to Stephen Kaufman and 4/7 to the Trust established for the benefit of Carol K. Laden.

On May 2, 2016, Appellant filed exceptions to the orphans' court's decree. The orphans' court dismissed the exceptions on June 3, 2016.

On June 22, 2016, Appellant filed a notice of appeal to this Court. He raises the following issues on appeal:

[1.]   Did the [orphans'] court err as a matter of law by allowing the Trustees to seek any theory of beneficiaries?

[2.]   Did the [orphans'] court err as a matter of law in failing to respect the four corners of the document as written?

3.   Did the [orphans'] court err as a matter of law by allowing the Trustees to present a petition to impose a constructive trust masked as a plea for declaratory judgment?

4.   Did the [orphans'] court commit a manifest abuse of discretion by refusing to allow a full and uninterrupted evidentiary hearing including discovery process?

5.   Did the [orphans'] court err[] as a matter of law by refusing to allow a full and uninterrupted evidentiary hearing including discovery process?

6.   Did the [orphans'] court commit an abuse of discretion by failing to disenfranchise heirs and beneficiaries Steven John Kaufman and his sister Carol Layden Kaufman under the anti-challenge provision at Settlor[']s Article 18?

7.   Did the [orphans'] court commit an abuse of discretion by refusing to impose a constructive trust in the interest of justice and to see the actual intent of the late settlor[']s wishes?

8.   Did the [orphans'] court misconstrue and misunderstand the purpose and context of the process?

Appellant's Brief at 7-8 (suggested answers and unnecessary capitalization omitted; first two issues re-numbered).

- 4 -

Appellant's first issue challenges Trustees' standing to bring their petition for declaratory judgment. In his brief to this Court, Appellant asserts:

The [Trustees] had no stake in the outcome with respect to any theory of beneficiary and their entire claim should have been struck for lack of standing; which was plead in Court at the [April 19, 2016] hearing on the record — I specifically said "*they have no standing as trustees here to seek a beneficiary*". If finer legal minds dispute the use of this term "standing", then the liberal construction due to any *pro se* applicant will bear in view the intent and purpose of the word.

Appellant's Brief at 24 (emphasis in original).

The Supreme Court has explained:

Standing requires that an aggrieved party have an interest which is substantial, direct, and immediate. That is, the interest must have substance — there must be some discernible adverse effect to some interest other than the abstract interest of all citizens in having others comply with the law. That an interest be direct requires that an aggrieved party must show causation of the harm to his interest by the matter of which he complains. To find an immediate interest, we examine the nature of the causal connection between the action complained of and the injury to the person challenging it.

*In re Francis Edward McGillick Found.*, 642 A.2d 467, 469 (Pa. 1994) (citations and internal quotation marks omitted). However, lack of capacity to sue and standing are waived if not objected to at the earliest possible time. *See Hall v. Episcopal Long Term Care*, 54 A.3d 381, 399 (Pa. Super. 2012) (standing and lack of capacity to sue are related concepts and must be raised at earliest possible opportunity), *appeal denied*, 69 A.3d 243 (Pa. 2013); *see also Kuwait & Gulf Link Transport Co. v. Doe*, 92

A.3d 41, 45 (Pa. Super. 2014) (an issue of standing is waived if not raised at first opportunity).

In **Huddleston v. Infertility Ctr. of Am., Inc.**, 700 A.2d 453, 457 (Pa. Super. 1997), we held that a defendant waived the issue of standing when she did not raise it in preliminary objections. **See** Pa.R.C.P. 1028(a)(5) ("Preliminary objections may be filed by any party to any pleading and are limited to the following grounds: . . . lack of capacity to sue"). Here, Appellant did not raise the issue of standing in preliminary objections. Nor did he include it in the "objections" he filed on February 17, 2016. Appellant acknowledges that he raised the issue for the first time "in Court at the [April 19, 2016] hearing on the record." Appellant's Brief at 24. Because Appellant did not raise the issue of standing in preliminary objections, we may consider this issue waived. **See Huddleston**, 700 A.2d at 457; **see also Kuwait & Gulf Link**, 92 A.3d at 45; **Hall**, 54 A.3d at 399.

Apart from waiver, Appellant's standing contention is without merit. This is an action for a declaratory judgment regarding the proper interpretation of a trust. The Declaratory Judgments Act[2] provides:

> Any person interested, as or through an executor, administrator, **trustee**, guardian, or other fiduciary . . . in the administration of a trust . . . may have a declaration of rights or legal relations in respect thereto:
>
> *   *   *

---

[2] 42 Pa.C.S. §§ 7531-7541.

> (3) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.

42 Pa.C.S. § 7535 (emphasis added). The Trustees brought their action pursuant to this provision, and they have standing under it.[3]

All of Appellant's remaining claims challenge the orphans' court's interpretation of the Trust and its failure to hold a factual hearing in making that interpretation. "[T]he interpretation of a trust or a will presents a question of law. As such, our standard of review is *de novo,* and our scope of review is plenary. Our analysis therefore is not confined by the decision of the orphans' court." *In re McFadden*, 100 A.3d 645, 650 (Pa. Super. 2014) (*en banc*) (citations omitted).

> Certain principles guide trust interpretation. The testator's intent is the cornerstone of such an endeavor. As we articulated in *Estate of Pew*, 440 Pa. Super. 195, 655 A.2d 521, 533 (1994), it is "hornbook law that the pole star in every trust . . .

---

[3] Appellant's sixth issue suggests that by bringing the declaratory judgment action, Carol and Stephen should be penalized under Item XVIII of the 2009 Deed, which states that any person who "challenges the validity of this deed" or any provision of the deed "shall not be entitled to benefits under this deed during such time as that challenge is pending. Item XVIII permits the trustees to determine, in their "sole judgement," whether an action constitutes a "challenge" under this provision, and it says that a "challenge" includes an action that "seeks to render any of the provisions of this instrument invalid or ineffective, in whole in in part, which seeks the removal of my trustee appointed hereunder, or which seeks to compel a discretionary distribution of funds to him or her." 2009 Deed at 7. Because the Trustees' action sought an interpretation of the 2009 Deed and did not challenge its validity or effectiveness, there is no basis to hold that it falls within this provision. Indeed, Appellant's action to obtain an interpretation of the deed favorable to him and to preclude action by the trustees with respect to him or other beneficiaries would appear to more closely implicate this provision.

is the settlor's . . . intent and that intent must prevail." ***See also Estate of McFadden, supra.*** We are not permitted to construe a provision in a trust so as "to destroy or effectually nullify what has always been considered the inherent basic fundamental right of every owner of property to dispose of his own property as he desires, so long as it is not unlawful." ***Estate of Pew, supra*** at 533. Critically, the settlor's intent must be ascertained from the language of the trust, and we give effect, to the extent possible, to all words and clauses in the trust document. ***See In re Estate of McFadden, supra; accord Farmers Trust Co. v. Bashore***, 498 Pa. 146, 445 A.2d 492, 494 (1982) ("A settlor's intent is to be determined from all the language within the four corners of the trust instrument, the scheme of distribution and the circumstances surrounding the execution of the instrument.").

Only when the language of the trust is ambiguous or conflicting or when the settlor's intent cannot be garnered from the trust language do the tenets of trust construction become applicable. ***Farmers Trust, supra*** at 494 ("Only if a settlor's intent cannot be ascertained with reasonable certainty will a court apply canons of construction, to attribute a reasonable intention to the settlor in the circumstances.").

***In re Loucks***, 148 A.3d 780, 781–82 (Pa. Super. 2016); ***see also***

***McFadden***, 100 A.3d 645, 649-50 (in interpreting a trust, court may rely upon extrinsic evidence of a settlor's intent only if the trust is ambiguous and only to the extent that the extrinsic evidence informs the ambiguous language in question, not in some relatively unbounded effort to glean a settlor's broader intent).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Cheryl L. Austin dated October 7, 2016, we conclude that Appellant's issues merit no relief. The trial court's opinion comprehensively discusses and properly

interprets the Trust, including the language of the 2009 Deed. **See** Trial Ct. Op., 10/7/16, at 3-4 (finding (1) Item III is not ambiguous, clearly indicating that Settlor intended to gift the $1,000,000 to her three children, all of whom survived her; (2) the clause in Item III as to what happens "if a child of [Settlor's] does not survive [her]" is not applicable, since all of Settlor's children survived her; and (3) due to the lack of ambiguity in the language of the 2009 Deed, the trial court correctly refused to accept any extrinsic evidence of Settlor's intent offered by Appellant). Nothing in Item III requires Settlor's Children to hold their gifts under that item for the benefit of Settlor's grandchildren, including Appellant. With the exception of the gift to Carol, which is to be held in trust pursuant to Item V of the 2009 Deed, the gifts need not be held in trust at all.

For the reasons stated above, we affirm the order of June 3, 2016. Because we affirm partly on the basis of the trial court's opinion of October 7, 2016, the parties are instructed to attach a copy of the trial court's opinion of that date to all future filings that reference this decision.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2017

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
ORPHANS' COURT

| | | |
|---|---|---|
| PENNSYLVANIA TRUST COMPANY | : | NO. 2016-x0347 |
| CAROL LADEN KAUFMAN | : | |
| STEPHEN JOHN KAUFMAN | : | |
| Petitioners, | : | IN RE: HELEN T. KAUFMAN |
| | : | SETTLORS TRUST |
| v. | : | |
| | : | |
| MICHAEL JOHN LEIDEN | : | |
| Respondent. | : | |

## OPINION

Appellant, Michael John Leiden, appeals to the Superior Court of Pennsylvania from this Court's Order dated June 3, 2016. This Order denied appellant's exceptions to this Court's Decrees dated April 19, 2016, which had sustained the Preliminary Objections of the Trustees and dismissed Michael John Leiden's Objections to the Petition for Declaratory Judgment filed January 29, 2016.

Petitioners, Stephen Kaufman, Carol Layden[1] and Pennsylvania Trust Company Trustees of the Helen Kaufman trust filed a Petition with Citation Requested for Declaratory Judgment on January 29, 2016. This Court executed a Preliminary Decree setting a date of March 1, 2016 for the citation returnable. Thereafter, Leiden filed Objections on February 17, 2016, which prompted the Petitioners to file Preliminary Objections to these Objections on February 29, 2016. Leiden then filed an Answer/Response to the Petition for Declaratory Judgment on March 1, 2016. A hearing was held on April 19, 2016, after which, by order of the same date, this Court sustained the Petitioners' Preliminary Objections and dismissed Michael John Leiden's Action to Construe Instrument for Constructive Trust 2979 Kutztown Road and the Constructive Objections to the Petition filed January 29, 2016. By separate Order, also dated April 19, 2016,

---

[1] The Appellant is Carol Layden's son. It is unclear to this court as to why their last names are spelled differently.

this Court granted the Petition for Declaratory Judgment in determining that Helen T. Kaufman's grandchildren have no interest in the $1,000,000 gift as identified under Item III of the trust instrument. In accordance with this provision of the trust, 1/7 shall be paid to Susan Carpenter, 2/7 to Stephen Kaufman and 4/7 to the Trust for the benefit of Carol Layden. Michael John Leiden exceptions to this Court's ruling, filed on May 2, 2016, were dismissed by Order dated June 3, 2016. This appeal follows.

## DISCUSSION

Appellant has raised five issues on appeal. The first two issues, as identified by Appellant, are "Four Corners Rule - Error in Law" and "Lack of Standing – Error of Law" and are addressed in this Court's opinion. This Court will not address the remaining three questions as they either reiterate concerns raised by the first appeal issue or are moot in light of this Court's ruling as it relates to the first two issues raised in this appeal.

The Petition for Declaratory Judgment centers exclusively on the interpretation of Item III of the Trust. That provision states as follows:

> [M]y trustee shall pay a fraction of $1,000,000 to each of my children who survives me, the numerator of which shall be the number of children (who survive me) of such child, and the denominator of which shall be the total number of my grandchildren who survive me; provided that if a child of mine does not survive me, but leaves descendants who survive me, such descendants shall receive, per stirpes, the share such child would have received had he or she survived me; and provided further that any amounts passing to my daughter Carol under this article shall be paid to the trustees of the Trust for Carol hereunder to be held in accordance with the terms therein (this shall not apply to any amounts passing to Carol's descendants if she does not survive me).

*See*, Trust of Helen Kaufman, dated August 13, 1981, as amended and restated.

This Court was asked to determine whether the Settlor gifted the $1,000,000 to her children, as maintained by Petitioners or whether the Settlor's children were to retain their

2

respective shares in further trust for the benefit of their respective children/ Helen Kaufman's grandchildren. After reviewing the deed of trust and in particular Item III, this Court concluded that Item III is not in any way ambiguous. As such, this Court would not accept extrinsic evidence offered by Michael John Leiden to supposedly aid in determining the Settlor's intent. A reading of Item III, clearly indicates that the Settlor intended to gift the $1,000,000 to her three children (all of whom survived her). Each child's fractional share is determined by the number of children Helen's children, a/k/a Helen's grandchildren, (living at Helen's death) each has over the total amount of grandchildren (living at Helen's death). The language of Item III "provided that if a child of mine does not survive me, but leaves descendants who survive me, such descendants shall receive, per stripes, the share such child would have received had she or he survived me" is not applicable since each one of Helen's three children survived her. Steven Kaufman and Susan Carpenter are to receive their respective shares outright with Carol Laden's share is to be placed in Trust for Carol.

The interpretation of a trust or will presents a question of law. *In re Estate of McFadden*, 2014 PA Super 203, 100 A.3d 645, 650 (2014). The touchstone in construing a trust is the settlor's intent; the language of the trust deed itself is the best and controlling evidence of such intent. *In re Benson*, 419 Pa.Super. 582, 615 A.2d 792, 795 (1992). The testator's intent must be gathered from a consideration of (a) all the language contained in the four corners of her trust, (b) her scheme of distribution, (c) the circumstances surrounding him at the time she made the trust and (d) the existing facts. *In re Will of McFadden*, 705 A.2d 930, 931 (Pa. Super. 1998).

Only when a trust is ambiguous on its face may a court consider extrinsic evidence. *Estate of McKenna*, 340 Pa.Super. 105, 489 A.2d 862, 867 (1985). Otherwise, "Extrinsic evidence of surrounding facts must only relate to the meaning of ambiguous words of the trust. It

3

cannot be received as evidence of testator's intention independent of the written words employed." *In re Beisgen's Estate*, 387 Pa. 425, 128 A.2d 52, 55 (1956); *c.f. In re Schultheis*, 747 A.2d 918, 922–23 (Pa.Super.2000). The court cannot rewrite an unambiguous trust. *In re Wilton*, 921 A.2d 509, 513 (Pa. Super. 2007).

This court must focus on the "precise wording of the will" and view the words of the will in the context of the overall testamentary plan. *In re Estate of Elkins*, 888 A.2d 815, 822–23 (Pa.Super.2005) (*quoting In re Estate of Rider*, 711 A.2d 1018, 1020 (Pa. Super. Ct. 1998)). A judge is "not permitted to determine what [she] think[s] the testator might or would have desired under the existing circumstances, or even what [she] think[s] the testator meant to say. Rather, [she] must focus on the meaning of the testator's words within the four corners" of the trust. *In re Wilton*, 921 A.2d at 513 (*quoting Rider*, 711 A.2d at 1020).

Appellant does not dispute that each one of Helen Kaufman's three children survived her, and even went on to state that "these three grantees should have already gotten this money." N.T., 1/19/16, pp. 11&15. Michael John Leiden concedes that the trust, on its face, indisputably granted $1,000,000 in proportionate shares to settlor's children. N.T., 4/19/16, pp. 9-10. He states, "nobody has a problem with the fact that the grantees of the money are the three children of my grandmother, my uncle, my aunt, and my mother." N.T., 4/19/16, pp. 9-10. Appellant's concern for the "rules for the money afterword" and his argument that parole evidence is required to show that Helen Kaufman intended for her children to hold the $1,000,000 in trust for her grandchildren are not relevant and meritless. N.T., 4/19/16, p. 13. There is no hint of ambiguity in this provision to persuade this Court to look outside the four corners of the document to determine the Settlor's intent. Mr. Leiden did not present any valid argument to support his position that this provision of the trust, Item III, requires Susan, Stephen and Carol to

4

hold the $1,000,000 in trust for their respective issue. This argument is in direct contradiction to the actual, unambiguous language of Item III. Susan and Stephen are to receive their respective share of the $1,000,000 outright while Carol's share is placed in further trust for her. Accordingly, this Court found Appellant's claims completely without merit.

The Appellant also contends that Petitioners lack standing to bring the Petition for Declaratory Judgment. It must be noted that this is the first time, in writing, Appellant has raised the issue of standing. Pennsylvania Rule of Civil Procedure 1028 requires a party to raise a challenge to standing in writing in the form of preliminary objections. Appellant failed to do so, filing constructive objections and later a response to the Petition. As no preliminary objections were filed raising the issue of standing, accordingly Appellant's challenge to standing is waived. Even this issue was not waived; the Trustees of the Helen Kaufman Trust clearly have standing to request a court to interpret a provision of the trust, particularly when they are aware that there is a probable dispute regarding the interpretation of that provision.

## CONCLUSION

Based on the reasons above, the undersigned respectively requests that this Court's June 5, 2016 Order be **AFFIRMED**.

**BY THE COURT:**

**CHERYL L. AUSTIN, J.**

Copies e-filed on: 10/7/16

Judicial Secretary

5